IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Wilbert Finley, ) | Civil Action No. 8:22-cv-0426-TMC |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Kraft Heinz, Inc., ) | |
| ) | |
| Defendant. ) | |

Plaintiff Wilbert Finley commenced this action against Defendant Kraft Heinz, Inc., his former employer, asserting claims for (1) discharging Plaintiff in retaliation for protected conduct under the Food Safety Modernization Act ("FSMA"), *see* 21 U.S.C. § 399d, and (2) wrongful discharge in violation of public policy under South Carolina common law. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Defendant subsequently filed a Rule 12(b)(6) motion to dismiss Plaintiff's second cause of action for wrongful discharge in violation of public policy. (ECF No. 13).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendant's motion to dismiss Plaintiff's second claim. (ECF No. 34 at 6). Plaintiff then filed objections to the Report, (ECF No. 35), to which Defendant filed a response (ECF No. 37). Having carefully reviewed the briefs and pleadings before it, the court concludes the parties have adequately developed the issues and, therefore, a hearing is unnecessary to decide the matter before the court. As set forth below, the court agrees with the magistrate

judge's analysis and recommendation as set forth in the Report and grants Defendant's motion to dismiss Plaintiff's second cause of action.

## Background and Report

As the magistrate judge correctly observed, in reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com*, 591 F3.d 250, 253 (4th Cir. 2009)); *see also* (ECF No. 34 at 2 (quoting *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017)). The Report succinctly summarizes the allegations of the complaint, (ECF No. 34 at 1–2), and the court adopts and incorporates this portion of the Report—to which neither party objects:

> The plaintiff worked as a production manager for the defendant at its Newberry plant, which produces a variety of meat products. In the summer of 2019, he reported to supervisors his concerns relating to severe staffing shortfalls that had the potential to impact food safety. Also, beginning around mid-February 2020, he reported to supervisors that the x-ray machines that had been installed on the bacon lines were not being used properly. The plaintiff alleges that the defendant terminated his employment in retaliation for his protected disclosures and because he refused to violate the laws, rules, and/or regulations governing the defendant's operations.

(ECF No. 34 at 1 (citing ECF No. 1 at ¶¶ 3-17)).

In his first cause of action, Plaintiff alleges that his "disclosures of adulteration to Kraft Heinz employees constituted protected activity under 21 U.S.C. [§] 399d" and that his subsequent discharge from employment violated the FSMA, 21 U.S.C. § 399d(a). (ECF No. 1 at 6–7). As a result of Defendant's alleged FSMA violations, Plaintiff alleges he suffered "actual, economic, noneconomic, compensatory and special damages including but not limited to (a) damage to his

career and ability to obtain the highest level employment within his industry; (b) lost wages, income, and benefits; (c) damage to his professional reputation and interruption of his demonstrated work history; and (d) ongoing mental and emotional distress, humiliation, embarrassment, loss of self- esteem, and diminution in his enjoyment of life." *Id*. at 7–8.

In his second cause of action, Plaintiff alleges "Defendant terminated Plaintiff because he refused to violate the laws governing food safety at the Kraft Heinz facility" and that "Defendant's discharge of Plaintiff was in violation of clear mandates of South Carolina public policy, including (1) the protection of human life; (2) the protection of human health; (3) prohibitions on conspiracies to violate the law; and (4) prohibitions on intimidation against citizens for exercising their civil rights." *Id*. at 8. Plaintiff alleges he suffered the same damages from wrongful discharge as from the FSMA violations. *Id*. at 9.

In considering Defendant's motion to dismiss, the magistrate judge explained, in relevant part, as follows:

> The defendant argues that the plaintiff's second cause of action for wrongful discharge in violation of public policy should be dismissed because the plaintiff has an existing statutory remedy for wrongful termination under the FSMA, and that remedy is exclusive. The undersigned agrees. "South Carolina recognizes a narrow public policy exception to the employment at-will doctrine." *Martin v. The Boeing Co*., C.A. No. 2:16-2797-DCN, 2016 WL 7239914, at *3 (D.S.C. Dec. 15, 2016) (citing *Ludwick v. This Minute of Carolina, Inc*., 337 S.E.2d 213, 216 (S.C. 1985)). However, "[t]he public policy exception does not [] extend to situations where the employee has an existing statutory remedy for wrongful termination." *Barron v. Labor Finders of S.C*., 713 S.E.2d 634, 637 (S.C. 2011) (citations omitted). In other words, "the *Ludwick* [public policy] exception is not designed to overlap an employee's statutory or contractual rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists." *Stiles v. Am. Gen. Life Ins. Co*., 516 S.E.2d 449, 452 (S.C. 1999) (Toal, J., concurring). As noted by the defendant, courts in this district "routinely dismiss tort claims for wrongful discharge that are barred by statutory remedies at the 12(b)(6) stage." *Frazier*

3

> *v. Target Corp.*, C.A. No. 2:09-1625-PMD, 2009 WL 3459221, at *3 (D.S.C. Oct. 27, 2009) (citing *Bolin v. Ross Stores, Inc.*, C.A. No. 08–02759–MJP, 2009 WL 363990 (D.S.C. Feb.11, 2009) and *Ramsey v. Vanguard Servs., Inc.*, C.A. No. 07–265-GRA, 2007 WL 904526 (D.S.C. Mar. 22, 2007)). *See also Newman v. S.C. Dep't of Emp. & Workforce*, C.A. No. 3:10-942-CMC-PJG, 2010 WL 4666360, at *3-4 (D.S.C. Nov. 18, 2010) (granting motion to dismiss wrongful discharge claim because employee could have proceeded under Grievance Act or Whistleblower Protection Act).

(ECF No. 34 at 3–4).

The magistrate judge rejected Plaintiff's contention that because Defendant, in its answer to the complaint, denied liability under the FSMA, Defendant is essentially arguing that Plaintiff does not have a viable statutory remedy and, therefore, a wrongful discharge cause of action must be permitted to proceed. *Id*. at 4. The magistrate judge noted "the plaintiff's position sanctions alternative pleading of a public policy wrongful discharge claim, contrary to well-settled precedent." *Id*. (citing *Frazier*, 2009 WL 3459221, at *3). Additionally, the magistrate judge concluded that Plaintiff's argument—which is based on the position taken by Defendant in its answer to the complaint—runs contrary to the framework and scope of a Rule 12(b)(6) motion wherein "the court accepts the plaintiff's factual allegations as true" and the answer is immaterial. *Id*. at 4. The magistrate judge, in conclusion, determined that "because the plaintiff's *alleged* claim falls squarely within the FSMA, he cannot plead in the alternative a claim for public policy wrongful termination." *Id*. at 5.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the

4

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla*., 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment ... do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Similarly, objections which "merely express disagreement with the magistrate judge's Report ... in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring de novo review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that de novo review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Furthermore, in the absence of specific objections to the Report, the court is not required to give

any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

### Discussion

Plaintiff, as previously noted, submitted objections to the Report.  (ECF No. 35).  Plaintiff lists five findings in the Report to which he objects, quoting the relevant portion of the Report with respect to each finding.  *Id*. at 1–2.  Rather than presenting an argument explaining why each finding is erroneous, however, Plaintiff's objections merely present to the undersigned the same arguments that he presented to the magistrate judge in opposition to the motion to dismiss.  In fact, a side-by-side comparison of Plaintiff's objections (ECF No. 35) and Plaintiff's memorandum in opposition to Defendant's motion to dismiss (ECF No. 19) reflects that Plaintiff has simply cut and pasted the same arguments—verbatim—previously presented to and rejected by the magistrate judge.  As previously noted, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard*, 408 F. Supp. 3d at 726; *Ashworth*, 2012 WL 931084, at *1.  These types of objections run counter to the reason for magistrate review, the purpose of which "is to conserve judicial resources."  *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  In presenting essentially the same brief to this court as he presented to the magistrate judge, Plaintiff seeks to have the district court duplicate the efforts of the magistrate judge.  Because "[i]t is well-settled in this Circuit that an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object," *Duffey v. Wal-Mart Stores E. LP*, No. 8:19-cv-665-TMC, 2021 WL 62163, at *5 (D.S.C. Jan. 7, 2021) (internal quotation marks omitted), the court reviews the Report for clear error and need not provide any explanation for adopting the magistrate judge's recommendations.  *Camby*, 718 F.2d at 199–200; *Dunlap*, 288 F.

6

Supp. 3d at 662. Having carefully and thoroughly reviewed the Report and the parties' briefs, the court agrees with the analysis of the magistrate judge and finds no error, clear or otherwise, in the Report. Accordingly, the court rejects and overrules Plaintiff's objections, (ECF No. 35), and adopts the Report (ECF No. 34) in its entirety.

## Conclusion

For the reasons set forth above, the court, having thoroughly reviewed the briefs of the parties, the Report, and Plaintiff's objections, **ADOPTS** the Report (ECF No. 34) which is incorporated herein. Accordingly, the court **GRANTS** Defendant's motion to dismiss Plaintiff's second cause of action (ECF No. 13).

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
February 13, 2023

.